IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GREGORY R. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>SAFE HOME SECURITY, INC.,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:25-cv-00172-JNP-JCB<br><br>Chief District Judge Jill N. Parrish |

Plaintiff Gregory R. Miller filed a second amended complaint against defendants Safe Home Security, Inc. and Security Systems, Inc. After Miller filed the second amended complaint, Magistrate Judge Bennett recommended dismissing the second amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the court ADOPTS his Report and Recommendation and DISMISSES the complaint with prejudice.

## BACKGROUND

On March 6, 2025, Miller filed his original complaint against defendants. ECF No. 1. On April 15, 2025, Miller filed an amended complaint. ECF No. 14. Defendants filed a motion to dismiss the amended complaint on April 25, 2025. ECF No. 25. On February 2, 2026, Judge Bennett issued a Report and Recommendation, concluding that the court should dismiss the amended complaint without prejudice. ECF No. 23. Miller failed to object to the R&R, and on March 16, 2026, the court adopted it in full. ECF No. 28.

Before the court issued its order in ECF No. 28, Miller filed a second amended complaint naming Safe Home Security as the sole defendant. ECF No. 24. On August 14, 2026, Judge

Bennett issued an additional Report and Recommendation, concluding that the court should dismiss the complaint with prejudice. Judge Bennett specifically found that Miller's second amended complaint fails to state any claims upon which relief can be granted. Judge Bennett recommended that Miller's complaint be dismissed with prejudice because it would be futile to provide Miller with the opportunity to amend his complaint a third time.

**DISCUSSION**

Because Miller did not object to the R&R, any argument that it was in error has been waived. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). In determining whether the interests of justice require an exception to the waiver rule, the Tenth Circuit has "considered factors such as 'a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised.'" *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). In this case, there is no indication that the interests of justice require the court to deviate from the waiver rule. Thus, the court finds that all objections are waived and adopts the R&R.

**CONCLUSION AND ORDER**

IT IS THEREFORE ORDERED that the Report and Recommendation is ACCEPTED AND ADOPTED, ECF No. 29, and the second amended complaint is DISMISSED WITH PREJUDICE.

Signed September 3, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge